SAM DORS, JR., *v.* COMMONWEALTH.

**Criminal Law—Forgery—Indictment.**

> An indictment for forgery, which does not aver that the writing was forged or that the defendant signed another's name to the writing, but alleges that the writing was signed without the authority of the person whose name is subscribed to it, is insufficient, the fraud being charged against the person who signed another's name to a writing, and it not being charged that the defendant signed such name.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

November 21, 1877.

OPINION BY JUDGE COFER:

The court erred in not sustaining the appellant's demurrer to the third count in the indictment. It is defective in several particulars:

It is not alleged that the writing was forged. The allegation is that he did alter a certain writing, "knowing at the time that the name of B. F. Hiser had been signed to said paper. without the authority of said B. F. Hiser." It may no doubt be inferred from the language used that Hiser did not himself sign it, but it is not so alleged, nor is it alleged that the writing was a forgery. If Hiser signed his name to it, of course it was not a forgery; and that he did not sign it should not have been left to inference, but should have been distinctly alleged.

It is not stated that the appellant signed Hiser's name, but it is alleged that it was signed without his authority, as a means whereby fraudulently to obtain possession of property, etc. The fraud here imputed is charged against the person who signed Hiser's name, and as it is not charged that the appellant signed it, it is not charged that he had any fraudulent intent, and without that charge the indictment is bad.

The acts constituting the offense charged should have been stated, and it was therefore necessary to state what acts the appellant did which amounted to an altering of the writing. *Williams v. Commonwealth,* Mss. Opinion. See Table of Cases.

We do not concur with counsel that it was necessary to allege that the appellant did alter and publish. These words are synonymous. To alter is to publish and to publish is to alter. Judgment *reversed* and cause remanded with directions to sustain the demurrer, and for further proper proceedings.

*Landes & Clark, for appellant. Moss, for appellee.*